**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OLEG ILYAYEV,** | * | **CASE NO. 1:06CV1930** |
| Petitioner, | * | |
| v. | * | **JUDGE CHRISTOPHER A. BOYKO** |
| **BENNIE KELLY, WARDEN,** | * | |
| Respondent. | * | **MEMORANDUM OF OPINION** |

**CHRISTOPHER A. BOYKO,J.:**

This matter is before the Court upon Petitioner's Writ of Habeas corpus filed pursuant to 28 U.S.C. § 2254 on August 11, 2006. Ilyayev is in the custody of the Ohio Department of Corrections pursuant to his guilty plea in *State of Ohio v. Ilyayev,* Case no. CR 440388 (Cuyahoga County 2003). For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and denies Petitioner's petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. The May term of the Cuyahoga County grand jury indicted Ilyayev on four counts of Drug Trafficking, one count of Drug Possession, and

1

one count of Possession of Criminal Tools.  Four other defendants were also named in the indictment, including Ghassan Arrabi (Arrabi") and Felix Stepanski (Stepanski").  Arrabi was charged with two counts of Drug Trafficking,  one count of Drug Possession with major drug offender specifications, and one count of Possession of Criminal Tools.

On September 9, 2003 Arrabi pleaded guilty to one count of Drug Trafficking without any specification, and the court sentenced him to eight years' imprisonment.  On the same day Stepanski also pleaded guilty to one count of Drug Trafficking without any specification, and the court sentenced him to eight years' imprisonment.  On September 22, 2003, Ilyayev pleaded guilty to one count of Drug Trafficking with a major drug offender specification.  The trial court sentenced him to a previously agreed-upon ten year term of imprisonment.  Ilyayev did not appeal his guilty plea or sentence.

Both Arrabi and Stepanski moved the court for mitigation of sentence.  The prosecutor advised the court that he believed  the original sentences had been excessive.  On July 1, 2005, the court permitted Arrabi to withdraw his guilty plea and again plead guilty.  The court then sentenced Arrabi to four years' imprisonment.  On the same day the court also permitted Stepanski to withdraw his guilty plea and then plead guilty.  The court sentenced Stepanski to four years' imprisonment.

On February 17, 2006, Ilyayev moved the court for mitigation of sentence.  The court denied his motion on April 13, 2006.  Ilyayev alleges the presiding judge  told petitioner's counsel off the record  his reason for denying the motion was "that Petitioner was from New York and was therefore more culpable than his co-defendants."   Ijlyayev did not appeal the court's denial of his Motion for Mitigation.

On August 11, 2006, Ilyayev filed the instant Petition for Writ of Habeas Corpus

2

asserting the following claims:

    A.    GROUND ONE:    The trial court violated the United States Constitution's Fourteenth Amendment guarantee of due process by denying a hearing on the Petitioner's Motion to Withdraw his Plea.

    B.    GROUND TWO:    The sentence on this case is a violation of petitioner's due process rights under the Fourteenth Amendment to the Constitution.

Although Ilyayev never filed a Motion to Withdraw his Plea as stated in Ground One in his petition, the Court assumes he means he was denied due process when the court denied him a hearing on his Motion to Mitigate Sentence.

On October 2, 2006, this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation. Ilyayev amended his petition on October 6, 2006, asserting the same grounds for relief as in his original petition. Respondent filed an Answer/Return of Writ on October 31, 2006. Respondent amended his Answer/Return of Writ on November 8, 2006. The Magistrate Judge issued her Report and Recommendation on December 18, 2006. Petitioner timely filed his Objections to the Report and Recommendation on December 26, 2006.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the

3

Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation, as set forth in 28 U.S.C. §2244 which states in pertinent part:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Although Respondent argued that Ilyayev's petition is time barred, the Magistrate Judge determined the petition is well within the one-year period of limitation for habeas petitions. The Magistrate Judge correctly determined Petitioner's one year period of limitation started on April 5, 2006. Ilyayev filed the instant petition on August 11, 2006, within the one-year period of limitation.

The Magistrate Judge determined Petitioner's first claim for relief must be dismissed as it addresses itself exclusively to an alleged due process violation resulting from the trial court's failure to hold a hearing when it denied Ilyayev's motion to mitigate his sentence. Such a claim addresses collateral, post-conviction proceedings beyond this court's subject matter jurisdiction, therefore, Ilyayev's first claim is dismissed.

Ilyayev's second claim for relief addresses alleged due process violations resulting from the trial court's denial of a reduction in sentence and from Ilyayev's alleged punishment for being a resident of New York when he was originally sentenced. The Magistrate Judge correctly determined that the portion of the second claim for relief, addressing an alleged due process violation occurring in the proceedings related to Ilyayev's Motion for Mitigation, is outside this Court's subject matter jurisdiction. Ilyayev seeks relief based on an alleged constitutional violation during a collateral proceeding. Habeas claims that challenge constitutional errors committed in collateral,

state post-conviction proceedings do not directly challenge the judgment pursuant to which the petitioner is in custody, and are non-cognizable in federal habeas proceedings. *Kirby v. Dutton,* 794 F.2d 245,247-48 (6thCir.1986). That portion of the second ground for relief related to the Motion for Mitigation is, therefore, dismissed.

The portion of the second ground for relief that alleges a due process violation during Ilyayev's sentencing is within this Court's jurisdiction. Petitioner states in his Response to Respondent's Amended Answer that he was unfairly sentenced as a result of his residence and treated differently than his co-defendants. The Magistrate Judge determined that Ilyayev was the only defendant to have a major drug offender ("MDO") specification attached to the count to which he pleaded guilty. The MDO specification is more than sufficient to explain the discrepancy between his sentence and those of his co-defendants. His allegation that the trial judge refused to mitigate his sentence because he was from New York is unsupported by an affidavit or other evidence, and would be a direct conflict with the judge's judicial obligations. Moreover, even if Ilyayev had evidence that the trial judge did refuse to mitigate his sentence because he was from New York, it would only be supposition to conclude the original sentence was also the product of the court's bias. Since Ilyayev failed to appeal his sentence within thirty days of imposition on September 9, 2003, the Magistrate Judge correctly determined that Petitioner has defaulted his remaining ground for relief, and it is therefore dismissed.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation. Therefore, Petitioner's Petition

under 28 U.S.C.§ 2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C.§ 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. 22(b)

IT IS SO ORDERED.

February 7, 2008                    s/Christopher A. Boyko
                                    CHRISTOPHER A. BOYKO
                                    UNITED STATES DISTRICT JUDGE